# EXHIBIT 1

## Abboud, Joseph E.

| | |
|---|---|
| **From:** | Winnick, Kyle |
| **Sent:** | Tuesday, November 3, 2026 9:35 PM |
| **To:** | Tyrone Blackburn |
| **Cc:** | Abboud, Joseph E.; Garcia, Kimberly I. |
| **Subject:** | Muhammad v. Alto Pharmacy, LLC, Case No. 1:26-cv-9402 |
| **Attachments:** | Muhammad v. Alto III - Pre-Motion Conference Letter - 11.3.2026.pdf |

Counsel,

Pursuant to the Court's Individual Practice Rule II(B), please find attached a pre-motion letter. Let us know if you wish to meet and confer about Defendant's anticipated motion to dismiss.

Best,

Kyle Winnick

**Kyle D. Winnick** | Partner
New York | Extension: 765510 (+1-212-218-5510) | Mobile: +1-716-573-1202 | kwinnick@seyfarth.com

Seyfarth

**Seyfarth Shaw LLP**
620 Eighth Avenue
New York, New York 10018
**T** (212) 218-5500
**F** (212) 218-5526

kwinnick@seyfarth.com
T (212) 218-5510

www.seyfarth.com

November 3, 2026

**VIA E-MAIL AND ECF**
Tyrone Blackburn, Esq.
T.A. Blackburn Law, PLLC
1242 E. 80th Street, 3rd Floor
Brooklyn, NY 11236
tblackburn@tablackburnlaw.com

**Re: *Afiyfah Muhammad v. Alto Pharmacy, Inc.*, Case No.: 1:26-cv-09402-VM (S.D.N.Y.)**

Dear Counsel:

We represent Defendant FuzeRx Pharmacy LLC (improperly named as Alto Pharmacy, Inc.) ("Fuze") in the above-referenced matter. Pursuant to the Court's Individual Practice Rule II(B), Fuze provides this letter to set forth the pleading deficiencies of Plaintiff's Complaint warranting dismissal under Fed. R. Civ. P. 12(b)(6).[1]

**Grounds for Dismissal**

First, Plaintiff's Complaint should be dismissed under the rule against duplicative litigation because she has impermissibly split claims arising from the same alleged employment relationship and nucleus of operative facts already at issue in Plaintiff's earlier-filed federal wage-and-hour action. *See Afiyfah Muhammad, et al. v. Alto Pharmacy, LLC*, Case 1:23-cv-11315-KHP (S.D.N.Y.).[2]

Generally, a plaintiff has "no right to maintain two actions on the same subject in the same court, against the same defendant[s] at the same time." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 139 (2d Cir. 2000). Under the claim-splitting doctrine, the relevant inquiry is not whether Plaintiff has asserted identical causes of action, but whether the two actions concern the same transaction or series of transactions, including whether the same evidence supports both actions and whether

---

[1] Given the applicable page limitation, Fuze's pre-motion letter provides only a summary of its arguments. Fuze expressly reserves the right to raise additional arguments, defenses, and authorities in any subsequent motion practice.

[2] Plaintiff is also litigating a claim against Fuze in New York Supreme Court based on purported violations of New York's WARN Act, as well as alleged retaliatory termination in violation of NYLL § 215. Any decision on the merits of Plaintiff's pending state court action will have preclusive effect in the case at bar. *See Beijing Neu Cloud Oriental Sys. Tech. Co. v. Int'l Bus. Machines Corp.*, 110 F.4th 106, 113-114 (2d Cir. 2024) (affirming dismissal of federal court action and holding merits decision in state court action barred federal court action). Accordingly, Plaintiff currently has three pending actions against Fuze, all arising from her alleged employment with Fuze, and two of which seek damages related to her termination.

facts essential to the second action were already present in the first. *See Marciniak v. Massachusetts Inst. of Tech*., 2024 WL 4350872, at *9 (S.D.N.Y. Sept. 29, 2024).

That standard is readily satisfied here. In the pending wage-and-hour action, Plaintiff alleges that Fuze manipulated her time records, shaved compensable hours, failed to pay overtime, withheld tips, controlled her shifts and routes, and threatened couriers with termination if they complained. Her new whistleblower action repackages the same conduct as both the subject of her alleged protected activity and the basis for her alleged retaliation, including manipulation of the same time records, withholding of the same wages and tips, restrictions on her shifts and routes to suppress overtime, and threats of termination. The actions therefore will require substantially overlapping discovery concerning the same supervisors, time and payroll records, When I Work and Slack communications, scheduling and route assignments, compensation practices, and alleged wage violations.

Critically, this is not a case in which the second action is based on events occurring after the operative pleading in the first action. Plaintiff alleges that the retaliatory campaign culminated in her termination in July 2024, yet Plaintiff filed her operative Second Amended Complaint in the wage-and-hour action on February 5, 2025, approximately seven months later. Thus, the facts underlying Plaintiff's whistleblower claims already existed when she elected to amend her complaint in the first action, and she could have litigated those claims in that proceeding rather than commencing a separate lawsuit more than a year later. Allowing both actions to proceed would require duplicative discovery and adjudication of substantially the same alleged conduct, which is precisely the inefficiency that the claim-splitting doctrine is designed to prevent. Accordingly, the whistleblower action should be dismissed, or, at minimum, stayed or consolidated with the earlier-filed federal action.

Second, and alternatively, Plaintiff's claim under NYLL § 741 should be dismissed because she does not plausibly allege that she is an "employee" covered by that statute. Section 741 does not protect every employee who works for a health-care provider. Rather, it defines an "employee" as a person who "performs health care services" for such an employer. In *Reddington v. Staten Island University Hospital*, 11 N.Y.3d 80, 91-93 (2008), the New York Court of Appeals held that this definition is "exactingly specific" and requires an employee to "actually supply health care services, not merely to coordinate with those who do." The statute protects only employees who, by virtue of their training or experience, are qualified to make knowledgeable judgments concerning the quality of patient care and whose jobs require them to make such judgments.

Plaintiff alleges no facts satisfying that standard. She worked as a delivery courier whose duties involved picking up and delivering medications. She does not allege that she is a licensed or trained health-care professional, that she rendered medical treatment, made clinical decisions, evaluated patients, exercised professional judgment concerning patient care, or otherwise supplied health-care services. Her allegation that she transported prescription medications, including controlled substances, does not transform those delivery functions into the provision of health-care services. Indeed, courts have rejected § 741 claims by employees whose responsibilities were substantially closer to patient care. In *Reddington*, the Court of Appeals held that an employee who coordinated services for international patients, worked directly with patients and their families, and coordinated with medical personnel did not perform health-care services. 11 N.Y.3d at 82-84, 91-93.

Similarly, in *Matter of Moynihan v. New York City Health & Hospitals Corp*., 120 A.D.3d 1029, 1032-34 (1st Dep't 2014), the First Department dismissed a § 741 claim even though the

plaintiff was a licensed registered nurse with more than 20 years of clinical-research experience, because her particular job did not require her to provide patient care or exercise judgment concerning the quality of such care. And in *Malanga v. NYU Langone Medical Center*, 2015 WL 7019819, at *4 (S.D.N.Y. Nov. 12, 2015), the court dismissed a § 741 claim because allegations that the plaintiff supervised patient care did not plausibly establish that she actually rendered medical treatment. If those responsibilities fall outside § 741, Plaintiff's work transporting medications necessarily does as well. Her § 741 claim therefore fails as a matter of law.

* * *

We look forward to addressing any questions you may have concerning Defendant's anticipated motion.

Respectfully submitted,

SEYFARTH SHAW LLP

*/s/ Kyle D. Winnick*

Kyle D. Winnick

cc: Hon. Victor Marrero, USDJ (via ECF)